NOTE: This disposition is nonprecedential.

# United States Court of Appeals for the Federal Circuit

2007-5081

GREGORY D. WALSH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

<u>Gregory D. Walsh</u>, of Dubuque, Iowa, pro se.

<u>Steven J. Gillingham</u>, Assistant Director, Commercial Litigation Branch, Civil Division, United States Department of Justice, of Washington, DC, for defendant-appellee. With him on the brief were <u>Peter D. Keisler</u>, Acting Attorney General and <u>Jeanne E. Davidson</u>, Director.

Appealed from: United States Court of Federal Claims

Judge George W. Miller

# United States Court of Appeals for the Federal Circuit

2007-5081

GREGORY D. WALSH,

Plaintiff-Appellant,

v.

UNITED STATES,

Defendant-Appellee.

_____

DECIDED:  October 3, 2007
_____

Before SCHALL, Circuit Judge, PLAGER, Senior Circuit Judge, and MOORE, Circuit Judge.

PER CURIAM.

## DECISION

Gregory D. Walsh appeals the final decision of the United States Court of Federal Claims that dismissed his complaint for lack of subject matter jurisdiction. Walsh v. United States, No. 06-609C (Fed. Cl. filed February 5, 2007).  We affirm.

## DISCUSSION

### I.

In his complaint filed in the Court of Federal Claims, Mr. Walsh named as defendants the United States District Court for the Northern District of Iowa, the United States Attorney for the Northern District of Iowa, and the United States Department of

Health and Human Services. In the complaint, Mr. Walsh alleged a variety of torts and criminal acts, not committed by the named defendants, but rather by state officials.

Mr. Walsh alleged (i) that he was arrested by local police in Dubuque, Iowa, on April 2, 2005; (ii) that he was released on bail on September 6, 2005; (iii) that his case was tried before a jury on October 17, 2005; and (iv) that he was acquitted and the charges against him dismissed on October 18, 2005. Mr. Walsh also appeared to allege in his complaint that state officials were to blame for a severe injury that he suffered in 1997.

Mr. Walsh asserted in his complaint that the time he spent in the county jail constituted a kidnapping by the State of Iowa, and he sought relief against the state for what he asserted were pretrial procedural violations, forced labor, and the failure to grant his application for a writ of habeas corpus. Mr. Walsh's complaint did not specify damages. However, in court papers subsequently filed, Mr. Walsh stated that he was seeking $1 billion under theories of mental anguish, emotional distress, defamation, pain and suffering, and punitive damages.

On February 5, 2007, the Court of Federal Claims granted the government's motion to dismiss Mr. Walsh's complaint for lack of subject matter jurisdiction. Mr. Walsh has timely appealed from that decision. We have jurisdiction over his appeal pursuant to 28 U.S.C. § 1295(a)(3) (2000).

II.

The Court of Federal Claims did not err in dismissing Mr. Walsh's complaint for lack of subject matter jurisdiction. To the extent relevant here, the jurisdiction of the

Court of Federal Claims is stated in 28 U.S.C. § 1491(a)(1) (2000). That statute provides in pertinent part as follows:

> The United States Court of Federal Claims shall have jurisdiction to render judgment upon any claim against the United States founded either upon the Constitution, or any Act of Congress or any regulation of an executive department, or upon any express or implied contract with the United States, or for liquidated or unliquidated damages in cases not sounding in tort.

28 U.S.C. § 1491(a)(1) (2000).

The Court of Federal Claims lacked jurisdiction over Mr. Walsh's suit for two separate reasons. First, the Court of Federal Claims only has jurisdiction over claims against the United States. Mr. Walsh's complaint makes it clear that his claim is not against the United States, but rather against the State of Iowa and/or the City of Dubuque. Second, the Court of Federal Claims only has jurisdiction over claims against the United States "not sounding in tort." Id. Mr. Walsh's complaint and the papers he subsequently filed make it clear that his suit sounds in tort. That is because he alleges kidnapping, forced labor, and an apparent physical injury, and because he seeks damages for mental anguish, emotional distress, defamation, and pain and suffering. Thus, even if Mr. Walsh's claim was against the United States, the Court of Federal Claims still would lack jurisdiction because it is based upon allegations of tort, which the court is not authorized to adjudicate.

For the foregoing reasons, the final decision of the Court of Federal Claims dismissing Mr. Walsh's complaint for lack of subject matter jurisdiction is affirmed.

No costs.